UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CLINTON TEAGUE,

Plaintiff,

v.

CHUCK YETTER,

Defendant.

Civil No. 00-2372 (JRT/JMM)

REPORT AND RECOMMENDATION

Plaintiff, a prisoner at the U.S. Penitentiary in Florence, Colorado, has filed a "Complaint For Violation Of Civil Rights Under 42 U.S.C. §1983." (Docket No. 1.) The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff's Complaint fails to state any claim on which relief can be granted. It will therefore be recommended that this action be summarily dismissed pursuant to § 1915A(b).

**I. BACKGROUND**

This action stems from an incident that allegedly occurred on April 8, 2000, while Plaintiff was incarcerated at the county jail for Washington County, Minnesota. Plaintiff alleges that he slipped as he was taking a shower at the jail, causing him to fall and chip a tooth. Plaintiff is now attempting to sue the "Jail Administrator" for the Washington County Jail, Defendant Chuck Yetter. He claims that Yetter was negligent because he "failed to have proper floor treads in the shower area" to prevent shower users from slipping.

FILED OCT 26 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff apparently received dental care for his chipped tooth while he was still an inmate at the Washington County Jail. Sometime thereafter, he was "re-locat[ed]" to his current place of confinement in Colorado. Plaintiff alleges that since his move to Colorado he has continued to suffer "a severe toothache," and he anticipates that further dental care will be required. In his prayer for relief, Plaintiff demands an award of $18,000 in compensatory damages plus $18,000 in punitive damages.

**II. DISCUSSION**

Because Plaintiff is a prisoner who is seeking redress from a governmental employee, his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1). In this case, the Court finds that Plaintiff has not stated any legally cognizable claim against the named Defendant. It will therefore be recommended that the action be summarily dismissed, in its entirety, pursuant to § 1915A(b).

The caption of Plaintiff's Complaint indicates that he is bringing this action under 42 U.S.C. § 1983, which means that he is seeking relief for some alleged violation(s) of his federal constitutional rights. <u>Jones v. U.S.</u>, 16 F.3d 979, 981 (8th Cir. 1994) (section

1983 "provides a means through which a claimant may seek a remedy in federal court for a constitutional tort when one is aggrieved by the act of a person acting under color of state law"); Wilson v. Spain, 209 F.3d 713, 715 (8th Cir. 2000) ("[s]ection 1983 does not confer substantive rights but merely provides a means to vindicate rights conferred by the Constitution or laws of the United States"). Although Plaintiff has not identified any specific constitutional basis for his current lawsuit, he appears to be claiming that Defendant has violated his rights under the Eighth Amendment's "cruel and unusual punishment" clause. However, the facts alleged in his Complaint do not support such a claim.

It is well-settled that a prison official's mere negligence will not support an actionable Eighth Amendment claim. Walker v. Reed, 104 F.3d 156, 157 (8th Cir. 1997); Standish v. Bommel, 82 F.3d 190, 191 (8th Cir. 1996). Instead, it must appear that the official deliberately disregarded some known and serious threat to the plaintiff's health or safety. Farmer v. Brennan, 511 U.S. 825, 337 (1994) (there is no Eighth Amendment violation "unless the official knows of and disregards an excessive risk to inmate health or safety") (emphasis added); Bibbs v. Armontrout, 943 F.2d 26, 27 (8th Cir. 1991), cert. denied, 502 U.S. 1110 (1992) (no Eighth Amendment violation in the absence of facts showing that "prison officials intentionally placed prisoners in a dangerous situation").

In this case, Plaintiff has pleaded nothing more than a simple negligence claim against Defendant. He has repeatedly used the terms "negligent" and "negligence" to describe Defendant's alleged misconduct. He expressly alleges that he "was injured due to the negligence of the Washington County Jail," and that the "Washington County

Jail is negligent because they failed to have the proper floor treads in the shower area." (Complaint, [Docket No. 1], p. 3, ¶s 1 and 3, [emphasis added].) Even if these allegations of negligence were ultimately proven true, however, they would not support an Eighth Amendment claim. Again, mere negligence does not violate the Constitution and therefore does not give rise to an actionable § 1983 claim. See Daniels v. Williams, 474 U.S. 327, 328 (1986).

The claim that Plaintiff is attempting to bring here is indistinguishable from the claim advanced in Walker v. Reed, supra. In that case, a prisoner tried to bring an action under 42 U.S.C. § 1983 to recover damages for injuries that he sustained when he slipped and fell on some water that had accumulated on a bathroom floor. The prisoner, like Plaintiff here, claimed that prison officials had been negligent in failing to prevent a slippery floor. The federal district court summarily dismissed the action, calling it "frivolous." The Eighth Circuit Court of Appeals affirmed, noting that mere negligence by a government official does not "amount to a violation of the Eighth Amendment prohibition against cruel and unusual punishment for inhumane conditions of confinement." 104 F.3d at 158. Here too, the action must be dismissed, because Plaintiff has alleged only that Defendant negligently failed to prevent a slip and fall accident.[1]

---

[1] In fact, Plaintiff's Complaint is actually weaker than the complaint at issue in the Walker case. In Walker, the prisoner alleged that water had been accumulating on the bathroom floor for approximately ten months, and that a number of inmates, and at least one corrections officer, had already fallen in the slippery area. This suggests that the defendants in Walker had actual knowledge of a potentially dangerous situation. In this case, there are no factual allegations suggesting that Defendant had any comparable knowledge of a potential danger.

In reaching the conclusion that Plaintiff has alleged only negligence, the Court has not overlooked the language appearing in his prayer for relief. There he states that he is seeking punitive damages "in order that others in like situation not exhibit deliberate medical indifference and reckless disregard for the health of inmates under Washington County Jail[']s care and custody." (Complaint, p. 4, [emphasis added].) This allegation is not sufficient for two reasons. First, it refers only to the possibility of future acts of deliberate indifference or reckless disregard for inmate safety by some other unnamed individuals; there is no allegation of any past deliberate indifference or reckless disregard for inmate safety by the named Defendant himself. Second, and more important, the "deliberate indifference" and "reckless disregard" language in the prayer for relief section is purely conclusory; it is not supported by any specific facts suggesting how Defendant might have acted with "deliberate indifference" or "reckless disregard," as those terms have been used in Eighth Amendment case law.

While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added); see also, Martin v. Sargent, 780 F.2d 1334, 1337 (1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). Here, even with the benefit of liberal construction, Plaintiff's Complaint does not allege any facts, which if proven true, would support the legal conclusion that Defendant actually knew about a specific risk of serious harm to Plaintiff and that he deliberately allowed Defendant to be exposed to that risk. Thus, Plaintiff's pleading is not

defective simply because he used the wrong terminology -- i.e., "negligence," rather than "deliberate indifference." The Complaint is defective because it does not allege any facts showing that Defendant was guilty of anything more egregious than negligence.

**III. CONCLUSION**

For the reasons discussed above, the Court concludes that Plaintiff's Complaint does not state any actionable § 1983 claim against Defendant. Plaintiff has not pleaded any factual allegations suggesting that Defendant possessed the depraved state of mind that is required to sustain an Eighth Amendment claim. Because Plaintiff has not alleged any facts showing that Defendant deliberately ignored a known risk of serious harm to his health or safety, he has not stated an actionable Eighth Amendment claim.[2] It will therefore be recommended that the Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

It follows that Plaintiff's application for leave to proceed in forma pauperis (IFP), (Docket No. 2), must also be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $150 filing fee.[3] He has not yet paid any part of his filing fee, so he is still

---

[2] The action cannot be entertained as a common-law negligence claim due to a lack of subject matter jurisdiction. Although Plaintiff is currently incarcerated in Colorado, the Complaint does not indicate that he and Defendant are "citizens of different states," so that subject matter jurisdiction could exist under 28 U.S.C. § 1332 (the "diversity of citizenship" statute). Furthermore, Plaintiff has expressly indicated that the amount in controversy in this case is $36,000, which is far less than the jurisdictional threshold amount prescribed at 28 U.S.C. § 1332(a).

[3] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other

liable for the full $150. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, it is recommended that the dismissal of this action count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

2. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $150 fee, in accordance with 28 U.S.C. § 1915(b)(2); and

---

words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted.

Dated: October 26, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before November 10, 2000, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.